UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWN JACKSON,

        Plaintiff(s),    CASE NUMBERS: 12-12713
                                HONORABLE VICTORIA A. ROBERTS

v.

THE HARTFORD LIFE INSURANCE,

        Defendant(s).
_____/

## ORDER

**I.    INTRODUCTION**

Dawn Jackson filed a one count Complaint alleging Hartford Life and Insurance Company (incorrectly named as "The Hartford Life Insurance")("Hartford") violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, by wrongfully denying her disability benefits under her Long Term Disability Plan (the "Plan").

Hartford filed a motion for summary judgment saying this litigation is barred by the statute of limitations. Jackson concedes that the Plan's three year statute of limitations is applicable; but, she challenges when the limitations period began to run.

Jackson says the statute of limitations began to run from the date she exhausted all administrative remedies: June 24, 2009. Hartford says that statute of limitations ran from the date it requested Proof of Loss: May 27, 2008. Proof of Loss documentation is defined in the Plan as "any and all medical information, including x-ray films and photocopies of medical records, including histories, physical, mental or diagnostic

1

examination, and treatment notes."

The Court **GRANTS** Defendant's; this dispute is governed by the Plan, which says that the statute of limitations begins to run from thirty days after the request for Proof of Loss is made.

## II.     BACKGROUND

Hartford paid Jackson benefits for four years.  Then on May 27, 2008, Hartford wrote to Jackson requiring that she provide Proof of Loss documents.  Jackson did so. Hartford made no other request of Jackson to provide Proof of Loss documentation.

On November 7, 2008, Hartford wrote Jackson and told her that benefits would be discontinued because she was no longer disabled.  Jackson appealed.  Hartford affirmed its decision to deny benefits.  Jackson filed this lawsuit on June 21, 2012.

## III.    STANDARD OF REVIEW

The Court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-57 (1986).  On a motion for summary judgment, the facts must be viewed in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A fact is material for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).

**IV.     ANALYSIS**

It is undisputed that claims under the Plan are governed by the contractual statute of limitations. Jackson's brief in response to Hartford's motion for summary judgment, says "In short, Plaintiff does not argue relative to the reasonableness of a three year statute of limitations.  The crux of the case of course is when the statute of limitations began to run."

In *Rice v. Jefferson Pilot Financial*, 578 F.3d 450 (6th Cir. 2009), the Sixth Circuit held that when an ERISA claim is governed by a contractual statute of limitations, courts must look to the plain language of the contract to determine when the statute of limitations accrues.  *Id.* at 455.  The court found that because the plain language of the contract says "no legal action may be brought more than three years after *proof of claim is required to be given*[;]" the plain language of the Plan mandated when the statute of limitations accrues*. Id.*

This Plan's plain language is also given its literal meaning: "Legal action cannot be taken . . . three years after the time written Proof of Loss is required to be furnished according to the terms of the Policy . . . ."  Under the Plan, Proof of Loss is required thirty days from the date of request when benefits are being paid; the Plan says "We may request Proof of Loss throughout your Disability.  In such cases, we must receive the proof within 30 days of the request."

Proof of Loss was requested on May 27, 2008, and the three year statute of limitations began to run thirty days from that date: June 27, 2008.  Three years from June 27, 2008, is June 27, 2011.  This action was untimely filed on June 21, 2012.

Jackson says that the statute of limitations must be tolled during the

administrative process. But, the Sixth Circuit implicitly held that the administrative process does not automatically toll the statute of limitations. *See id.* (counting the administrative process when determining whether the statute of limitations had expired).

Jackson makes no showing that she is entitled to equitable tolling. The Supreme Court holds that to prevail on an equitable tolling claim, a plaintiff must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

Even if the Court were to equitably toll the statute of limitations, Jackson's claim would still be dismissed. The statute of limitations began to run on June 27, 2008, thirty days after Hartford requested Proof of Loss. Jackson did not start the administrative process until November 7, 2008, when Hartford notified Jackson that her benefits would be terminated. The administrative process ended on June 24, 2009, when Hartford affirmed its denial of benefits. Between November 7, 2008 and June 24, 2009, exactly seven months, 17 days passed which might be subject to tolling; and thus, could be credited to the three year statute of limitations. Three years, June 27, 2011 -- plus seven months, 17 days -- would have put Jackson's "file by date" at February 11, 2012; she did not file suit until June 21, 2012. Jackson's claim would still be untimely.

## IV. CONCLUSION

Defendant's motion for summary judgment is **GRANTED**. Plaintiff's Complaint is **DISMISSED** with prejudice.

**IT IS ORDERED**.

S/Victoria A. Roberts
United States District Judge

4

Dated: June 19, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 19, 2013.

S/Carol A. Pinegar
Deputy Clerk